```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
TANYA STEELE,                                         :
                                                      :
                        Plaintiff,                    :
                                                      :     No. 11 Civ. 9343 (RA)
            -v-                                       :
                                                      :     OPINION AND ORDER
RICHARD BELL and JOSH MILANI                          :
GALLERY PTY. LTD.,                                    :
                                                      :
                        Defendants.                   :
                                                      :
------------------------------------------------------X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 19 2012

RONNIE ABRAMS, United States District Judge:

On March 21, 2012, Plaintiff Tanya Steele ("Plaintiff") filed an amended complaint against Defendants Richard Bell and Josh Milani Gallery Pty. Ltd. (collectively, "Defendants") asserting, among others, claims for copyright infringement and breach of contract relating to the ownership and display of the film, Blackfella's Guide to New York ("the Film"). (Am. Compl. ¶ 1.) Defendants answered on April 16, 2012 and asserted the following eight counterclaims: (1) declaratory judgment; (2) fraud on the Copyright Office; (3) breach of contract; (4) enforcement of judgment; (5) replevin; (6) conversion; (7) misrepresentation under 17 U.S.C. § 512(F); and (8) tortuous interference. (Dkt. No. 17.)

On September 5, 2012, Defendants moved for voluntary dismissal of their counterclaims pursuant to Fed. R. Civ. P. 41(a)(2) and leave for defense counsel to withdraw as counsel because they are "unable to continue either in the pursuit of their counterclaims or the defense against Plaintiff in this Court." (Jonathan Reichman Decl., Sept. 5, 2012, ¶ 4-5.) Defendants seek dismissal without prejudice; however, Defendants acknowledged "the risks of filing the [m]otion, including that it is within the discretion of the Court to dismiss the [c]ounterclaims

with prejudice." (Defs. Reply 3.) Plaintiff opposes dismissal of Defendants' counterclaims without prejudice "because such counterclaims are compulsory and are logically connected with Plaintiff's claims." (Pl.'s Opp'n 1.) Plaintiff takes no position regarding the withdrawal of counsel. (Pl.'s Opp'n 8.)

For the reasons stated below, the Court declines to grant Defendants' motion to dismiss voluntary dismissal without prejudice. Defendants have ten (10) days to seek to withdraw their motion to dismiss their counterclaims; if they do not do so, the claims will be dismissed with prejudice. Defense counsel's motion for leave to withdraw as counsel is granted.

I.    **Motion for Voluntary Dismissal of Counterclaims**

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) applies equally to the dismissal of a defendant's counterclaims where a plaintiff has served an answer to those counterclaims. See Fed. R. Civ. P. 41(c). Plaintiff filed an answer to Defendants' counterclaims on May 10, 2012. (Dkt. No. 19.) A Rule 41(a)(2) dismissal is without prejudice "[u]nless the order states otherwise." See Fed. R. Civ. P. 41(c). A trial court has great discretion in considering whether to grant a motion for voluntary dismissal under the rule, see D'Alto v. Dahon Cal. Inc., 100 F.3d 281, 283 (2d Cir. 1996), and may convert a motion to dismiss without prejudice into a motion to dismiss with prejudice, provided that the movant has an opportunity to withdraw the motion. Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir. 1998). Compulsory counterclaims, however, cannot be withdrawn without prejudice. Pizzulli v. Nw. Mut. Life Ins. Co., No. 05 Civ. 1889 (LAP), 2006 WL 490097, at *2 (S.D.N.Y. Feb. 28, 2006).

Federal Rule of Civil Procedure 13 provides that counterclaims are compulsory if they

arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Rule 13 standard is met when there is a "logical relationship" between the claim and the counterclaim. Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979). "Although the 'logical relationship' test does not require 'an absolute identity of factual backgrounds,' the 'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Jones, 358 F.3d at 209 (quoting Critical-Vac Filtration Corp. v. Minuteman Int'l. Inc., 233 F.3d 697, 699 (2d Cir. 2000)).

Here, Defendants' counterclaims arise out of the same transaction or occurrence as the subject matter of Plaintiff's claims. The counterclaims for declaratory judgment, fraud on the Copyright Office, breach of contract, misrepresentation and tortuous interference all relate to the ownership and display of the Film. Defendants' counterclaims for replevin and conversion similarly concern ownership over property used while the parties were collaborating on the Film. Defendants' counterclaim for the enforcement of judgment seeks for the Court to enforce a judgment entered in a prior action that similarly relates to the Film. The Court finds that these counterclaims "are so logically connected" to the claims brought in Plaintiff's complaint "that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Jones, 358 F.3d at 209 (quoting Critical-Vac, 233 F.3d at 699).

Because Defendants' counterclaims are compulsory, they cannot be dismissed without prejudice. Defendants have ten (10) days to seek to withdraw their motion to dismiss these counterclaims; if they do not do so, the claims will be dismissed with prejudice.

**II.      Motion for Leave to Withdraw as Counsel**

In addition to Defendants' motion to withdraw counterclaims, Kenyon & Kenyon, by its attorney Jonathan Reichman, Esq. (collectively, "Kenyon") filed a motion to withdraw as counsel for Defendants pursuant to Local Civil Rule 1.4 and New York Rules of Professional Conduct 1.16(b)(3), (c)(7) and (c)(10).

Under Local Civil Rule 1.4, an attorney who has appeared as attorney of record for a party "may not withdraw from a case without leave of the Court granted by order." Local Civil Rule 1.4. Here, Kenyon asserts that it should be granted leave to withdraw as the law firm of record because it can satisfy Rule 1.6(b)(3), (c)(7) and (c)(10) of the New York Rules of Professional Conduct.[1]

Rule 1.6(b)(3) of the New York Rules of Professional Conduct provides that a lawyer "shall" withdraw as counsel when "the lawyer is discharged." "When counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999). Additionally, Rules 1.6(c)(7) and (c)(10) provides that a lawyer "may" withdraw as counsel when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" or when "the client knowingly and freely assents to termination of the employment." N.Y.R. of Prof'l Conduct 1.16(c) (2011).

In his accompanying affidavit, Jonathan Reichman avers that "Defendants have knowingly and freely instructed Kenyon to cease in their representation to this matter" and are "unwilling to cooperate further with Kenyon in their own defense." (Reichman Decl. ¶ 9, 10)

---

[1] The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York state courts. Ritchie v. Gano, No. 07 Civ. 7269, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008) ("New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state.").

Because Kenyon provides grounds for both mandatory and permissive withdrawal under Rule 1.16 of the New York Rules of Professional Conduct, the Court grants Kenyon's motion to withdraw as the law firm of record under Local Rule 1.4.

### III. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Defendants' counterclaims will be dismissed with prejudice unless, within ten (10) days from this Order, the Court receives notice from Defendants that they intend to withdraw their motion to dismiss counterclaims.

IT IS FURTHER ORDERED that defense counsel's request for leave to withdraw is granted.

IT IS FURTHER ORDERED that a telephonic conference has been scheduled for January 4, 2013 at 11:00 a.m to determine whether Defendants intend to defend themselves in this action. Defendants are cautioned that that failure to participate in this conference or seek an adjournment will result in a default judgment being entered against them.

SO ORDERED.

Dated:     December 19, 2012
           New York, New York

Ronnie Abrams
United States District Judge

5